UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON C. REID,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:14-cv-01163-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 16)** |

## I.   PROCEDURAL HISTORY

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights and tort action brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

On November 24, 2014, the Magistrate Judge assigned to the case screened Plaintiff's complaint and dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 13.) Thereafter, Plaintiff filed objections to the screening order (ECF No. 16), which the Court construes as a motion for reconsideration.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) allows parties to file objections to nondispositive orders decided by a Magistrate Judge. "The district judge in the case

1

must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

Similarly, Local Rule 303(c) allows parties to seek reconsideration by a District Judge of a Magistrate Judge's pretrial rulings. Local Rule 303(c). The assigned District Judge shall review all such requests for reconsideration under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). Local Rule 303(f) (citing Fed. R. Civ. P. 72(a)).

**III. ANALYSIS**

**A. Magistrate Judge Jurisdiction**

Plaintiff first objects that the Magistrate Judge did not have authority to screen his complaint because Plaintiff did not consent to Magistrate Judge jurisdiction. The Magistrate Judge dismissed Plaintiff's complaint with leave to amend. The Magistrate Judge's Screening Order was not a final order, dispositive of a claim or defense, and therefore is not outside the Magistrate Judge's statutorily granted jurisdiction. See Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 970 (C.D. Cal. 2010). Courts in this district have upheld a Magistrate Judge's authority to screen complaints, so long as any dismissal is not dispositive and leave to amend is granted. E.g., Robinson v. Adams, No. 1:08–CV–1380 AWI GSA PC, 2009 WL 1953167, at *1-2 (E.D. Cal. July 7, 2009). Accordingly, the Magistrate Judge did not exceed his statutory authority in dismissing with leave to amend.

**B. Authority to Screen for Misjoined Claims**

Plaintiff next objects that the screening order exceeded the Court's authority to dismiss for failure to state a claim, as set forth in 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, Plaintiff contends that improperly joined claims do not "fail to state a claim," and thus cannot be dismissed at the screening stage. Plaintiff also states that the action may not be dismissed due to improperly joined claims pursuant to Federal Rule of Civil

2

Procedure 21 and <u>Williams v. California Department of Corrections and Rehabilitation</u>, 467 Fed. Appx. 672 (2012).

The Court has authority to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). Both provisions require the Court to dismiss an action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Additionally, misjoined parties may be dropped by the Court on its own motion at any time. Fed. R. Civ. P. 21. Accordingly, Plaintiff's contention that the Court lacks authority to address misjoinder at the screening stage is incorrect. Additionally, Plaintiff's contention that the Court lacks authority to dismiss his action for misjoinder is inapposite. Plaintiff's action was not dismissed in its entirety; rather, Plaintiff's complaint was dismissed with leave to amend.

### C.   Whether Claims Were Misjoined

Plaintiff further contends that his claims are properly joined, with the possible exception of his loss of outdoor exercise claim and deprivation of personal property claim. He asserts that these claims nevertheless all should be joined because they involve similar questions of fact and law, i.e., the Federal Tort Claims Act and <u>Bivens</u>.

The Magistrate Judge properly concluded that many of Plaintiff's claims do not arise out of the same transaction or occurrence. Plaintiff was advised to decide which transaction or occurrence he wishes to pursue in this action. He further was advised that he may join other claims involving the same defendants involved in his chosen transaction or occurrence. He may not join unrelated claims against additional defendants. The Magistrate Judge's ruling in this regard was not clearly erroneous or contrary to law.

### IV.   CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff has not presented a basis for reconsideration of the Magistrate Judge's screening order. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's objections (ECF No. 16), which the Court construes as a motion for reconsideration, are DENIED;
2. Plaintiff shall file an amended complaint within thirty (30) days of the date this order;
3. If Plaintiff fails to file an amended complaint in compliance with this order, the action will be dismissed, with prejudice, for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **May 12, 2015**          /s/ Lawrence J. O'Neill
                                 UNITED STATES DISTRICT JUDGE

4.