UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON C. REID,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01163-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) GRANT PLAINTIFF'S RULE 56(d) MOTION (ECF NO. 54); AND (2) DENY, WITHOUT PREJUDICE, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 52)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). The action proceeds on Plaintiff's First Amendment retaliation claim against Defendant Ontiveroz.

On April 3, 2017, Defendant filed a motion for summary judgment. (ECF No. 52.) In response, Plaintiff disputes at least one of Defendant's claims and requests that the Court defer consideration of Defendant's summary judgment motion pursuant to Federal Rule of Civil Procedure 56(d). (ECF No. 54.) Defendant filed an opposition to Plaintiff's request. (ECF No. 57.)

These matters are submitted pursuant to Local Rule 230(*l*).

## I. Applicable Law

### A. Motion for Summary Judgment

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the Court should decide disputed factual questions relevant to exhaustion "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at 1169-71.

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1). In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

### B. Rule 56(d)

"Rule 56(d) 'provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" Atigeo LLC v. Offshore Ltd., 2014 WL 1494062, at *3 (W.D. Wash. Apr. 16, 2014) (quoting United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002)). Federal Rule of Civil

Procedure 56(d) permits the Court to delay consideration of a motion for summary judgment to allow parties to obtain discovery to oppose the motion. When a motion for summary judgment is filed "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," a Rule 56(d) motion should be freely granted. Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003).

A party asserting that discovery is necessary to oppose a motion for summary judgment "shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." Local Rule 260(b). However, where "no discovery whatsoever has taken place, the party making a Rule 56[(d)] motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." Burlington N., 323 F.3d at 774. "The Courts which have denied a Rule 56[(d)] application for lack of sufficient showing to support further discovery appear to have done so where it was clear that the evidence sought was almost certainly nonexistent or was the object of pure speculation." VISA Int'l. Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986) (citation omitted).

## II. Plaintiff's First Amended Complaint

Plaintiff complains of acts that occurred during his incarceration at United States Penitentiary, Atwater. As relevant here, he alleges that an altercation occurred between him and Defendant Ontiveros in Plaintiff's cell on April 14, 2013. Several days later, Plaintiff filed an administrative grievance regarding the April 14, 2013 incident. A few days after that, Defendant Ontiveroz told Plaintiff, "So you wanna file paperwork, watch ya back."

On May 1, 2013, Defendant Ontiveroz wrote a false incident report against Plaintiff. As a result of the incident report, Plaintiff was placed in hard restraints for forty-eight h0ours. Plaintiff's wrists became swollen and chafed. Plaintiff was unable to eat,

sleep, defecate, urinate, or engage in other hygienic tasks. The use of restraints was not in conformance with policy and regulations.

Based on these allegations, the Court has concluded that Plaintiff states a cognizable First Amendment retaliation claim.

**III.    Parties' Arguments**

Defendant moves for summary judgment on the ground that the following facts allegedly are undisputed. First, and significantly, Defendant provides a sworn declaration stating that he was unaware that Plaintiff filed a grievance against him. Second, Defendant contends that the May 1, 2013 report that Plaintiff claims was false was, in fact accurate – Plaintiff refused to follow Defendants' order requiring him to accept a cell mate. Third, the report was written for a valid penological purpose, i.e., to avoid violence, protect staff, and gain Plaintiff's compliance. Fourth, the resulting decision to use restraints was reasonable and served a legitimate penological purpose in light of Plaintiff's ongoing defiance. Fifth, the decision to use such restraints was in any event made by other officers, not by Defendant. Lastly, Defendant's actions were reasonable and he is entitled to qualified immunity.

Plaintiff asks that the Court defer consideration of the summary judgment motion or deny it to allow Plaintiff to conduct discovery. Plaintiff wishes to obtain video footage that he contends will show that (1) Defendant was not present at Plaintiff's cell, did not order him to accept a cell mate, and could not have accurately documented Plaintiff's refusal; and (2) Plaintiff was not defiant, violent, or agitated and thus there was no need for the use of hard restraints.

In response, Defendant provides a sworn declaration from a prison official stating that no such video exists. Defendant also argues that any such video would not be sufficient to defeat summary judgment because Plaintiff cannot show that Defendant was aware of Plaintiff's grievance.

4

**IV. Analysis**

    **A.    Rule 56(d) Motion**

A Rule 56(d) motion to enable discovery prior to responding to a motion for summary judgment requires "a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." Local Rule 260(b). Here, Plaintiff specifies only that he needs to conduct discovery to gain video evidence to show that Defendant's characterization of a May 1, 2013 incident was fabricated. Defendant has provided competent evidence that no such video exists. The Court will not continue an action to enable a party to seek evidence which does not exist.

However, no discovery has yet been conducted in this case. A party seeking discovery "cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." Burlington N., 323 F.3d at 774. Plaintiff has had no opportunity to conduct discovery into such issues as: (1) whether there ever was a video of his cell at the time in question, (2) if so, what did it show and why was it not preserved, and (3) whether any other documentary evidence may support Plaintiff's version of the May 1, 2013 incident. The Court cannot conclude, on the present record, that such evidence is "almost certainly nonexistent or was the object of pure speculation." VISA Int'l. Serv. Ass'n, 784 F.2d at 1475.

Reason dictates that Plaintiff also be given an opportunity to conduct discovery into what Defendant meant when, according to Plaintiff, he said "So you wanna file paperwork, watch ya back" and whether or not such a statement, if made, reflected knowledge of Plaintiff's grievance against Defendant and a threat to retaliate against him for it. Finally, it is reasonable to allow Plaintiff to conduct discovery into what role Defendant played in instigating the placement of restraints even if the evidence shows he did not make the ultimate decision to place them on Plaintiff.

Plaintiff cannot be expected to defend against contentions on a motion for summary judgment prior to the advent of discovery. A motion for summary judgment may be brought at any time, but a Rule 56(d) motion should be freely granted when a motion for summary judgment is filed before the parties have had the opportunity to conduct discovery. Burlington, 323 F.3d at 773. Here, no discovery whatsoever has taken place, and Plaintiff therefore does not have the burden of showing, with great specificity, the kind of discovery likely to turn up. Id. at 774. Instead, Plaintiff need only show the particular facts on which discovery is to be had or the issues on which discovery is necessary. He has effectively done so here.

### B. Motion for Summary Judgment

Even if the Court did not determine that the motion for summary judgment may be denied without prejudice under Rule 56(d), disputes of material fact appear to preclude summary judgment here.

Defendant contends he was unaware of Plaintiff's grievance. However, Plaintiff contends, in his verified complaint, that Defendant stated, "So you wanna file paperwork, watch ya back." A reasonable juror could credit Defendant's version of the facts. However, a reasonable juror alternatively could credit Plaintiff's version of the facts and conclude that Defendant was not only aware of the grievance but intended to retaliate against Plaintiff.

Furthermore, Defendant contends that his May 1, 2013 report was an accurate description of Plaintiff's refusal to accept a cell mate. Plaintiff, however, contends that this did not, and indeed, could not have occurred as Defendant describes. The Court cannot accept Defendant's version of the facts merely because it was written in a report. The trier of fact ultimately will be required to resolve this issue.

### V. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's Rule 56(d) motion be GRANTED;

2. Defendant's motion for summary judgment be DENIED without prejudice;

3. Defendant be required to respond to the complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: September 10, 2017        /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE