UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON C. REID,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | CASE NO. 1: 14-cv-01163-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT**<br><br>(ECF No. 59)<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's first amended complaint against Defendant Ontiveroz for retaliation against Plaintiff for exercising First Amendment rights. (ECF No. 45.) Plaintiff's claims against Defendants United States of America, Company X, the Federal Bureau of Prisons, Copenhaver, Parent, Garcia, Fenton, Cisneros, Oliverez, John Does 1-2, and Jane Doe, as well as additional claims against Ontiveroz, were dismissed for failure to state a claim. (Id.)

Before the Court is Plaintiff's motion for entry of a final judgment as to the dismissed claims and defendants pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 59.)

**I.   Procedural History**

Plaintiff has engaged in prolonged efforts to challenge the Court's screening orders.

Plaintiff's original complaint was screened and dismissed with leave to amend for failure to state a claim. (ECF No. 13.) After requesting extensions of time, Plaintiff eventually filed objections to the screening order (ECF No. 16) which were construed as a motion for reconsideration and denied by the District Judge. (ECF No. 25.) He also filed an interlocutory appeal (ECF No. 20) which was dismissed for lack of jurisdiction. (ECF No. 23.)

Plaintiff then filed a first amended complaint (ECF No. 28) which was screened and found to state a cognizable First Amendment claim against Defendant Ontiveroz in his individual capacity, but no other claims. (ECF No. 31.) Plaintiff was given the option to either file an amended complaint or to proceed only on the claim found to be cognizable. (Id.)

After two extensions of time(ECF Nos. 33, 36) Plaintiff filed another motion for reconsideration and requested that the matter be certified for interlocutory appeal. (ECF No. 38.) This motion for reconsideration and request for certification were denied. (ECF No. 42.) Plaintiff again was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claim. (Id.)

Plaintiff did not respond and on September 26, 2017 this Court ordered to Plaintiff to show cause why his action should not be dismissed for failure to obey a court order and failure to prosecute. (ECF No. 43.) Plaintiff responded (ECF No. 44.) The District Judge construed Plaintiff's response as an election to stand on his complaint, and he dismissed the claims found non-cognizable. (ECF No. 45.) The matter then proceeded with service upon Defendant Ontiveroz. (ECF No. 47.)

## II. Motion for Entry of Final Judgment

Plaintiff seeks a final judgment as to the dismissed defendants in order to immediately appeal the screening order pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 59.)

Generally, an appellate court will not review a district court's ruling until after entry of a final judgment. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 478 (1978). Where, as here, a decision or order "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, [it] does not end the action as to any of the claims or parties" and does not constitute a final judgment. See Fed. R. Civ. P. 54(b). However, Rule 54(b) allows a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Thus, a Rule 54(b) judgment may be immediately appealed. James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

"It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Curtis-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). Partial judgment under Rule 54(b) "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). "A similarity of legal or factual issues [still pending before the trial court] will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." Frank Briscoe Co., Inc. v. Morrison–Knudsen Co., Inc., 776 F.2d 1414, 1416 (9th Cir.1985).

Here, final judgment as to the dismissed defendants is not appropriate. This is not an "unusual case." Morrison-Knudsen Co., Inc., 655 F.2d at 965. Indeed, the Court is faced with similar claims almost daily. Moreover, the Court does not find that there are

3

| | |
|---|---|
| 1 | any pressing needs that require an early and separate judgment as to the dismissed |
| 2 | defendants. Finally, multiplying the number of proceedings in this case will not ensure |
| 3 | efficient use of court resources. To the contrary, Plaintiff has already filed two motions |
| 4 | for reconsideration (ECF Nos. 16, 38) and an interlocutory appeal of the Court's |
| 5 | screening orders, (ECF Nos. 25, 42.) This has resulted in a delay in serving Defendant |
| 6 | Ontiveroz. Entry of a Rule 54(b) judgment would frustrate the prompt and efficient |
| 7 | resolution of this case. The Court does not find that there is "no just reason for delay." |
| 8 | Fed. R. Civ. P. 54(b). |
| 9 | Accordingly, Plaintiff's request for entry of final judgment should be denied. |

## V. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for entry of final judgement (ECF No. 59) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: November 20, 2017　　　/s/ *Michael J. Seng*
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4