UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON C. REID,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01163-LJO-MJS (PC)<br><br>**ORDER (1) ADOPTING FINDINGS AND RECOMMENDATIONS, (2) GRANTING PLAINTIFF'S MOTION TO POSTPONE SUMMARY JUDGMENT TO CONDUCT DISCOVERY, AND (3) DENYING, WITHOUT PREJUDICE, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 52, 54, 60)**<br><br>**TWENTY-ONE DAY DEADLINE TO RESPOND TO COMPLAINT** |

　　Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). The action proceeds on Plaintiff's First Amendment retaliation claim against Defendant Ontiveroz. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

　　On September 11, 2017, the Magistrate Judge issued findings and recommendations to grant Plaintiff's motion to postpone Defendant's motion for

summary judgment to allow Plaintiff to conduct discovery and, on that basis, to deny the motion for summary judgment without prejudice. (ECF No. 60.) Plaintiff objected to the findings and recommendations on the ground that they did not specify a date for Defendant to respond to the complaint. (ECF No. 61.) Defendant also objected to the findings and recommendations. (ECF No. 62.) Plaintiff responded to Defendant's objections. (ECF No. 63.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including the objections and responses thereto, the Court finds the findings and recommendation to be supported by the record and by proper analysis.

This matter is in its initial stages. Plaintiff's complaint has been screened and Defendant has been served. However, no discovery has occurred. In these circumstances, a Rule 56(d) motion should be freely granted. Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003). Nonetheless, Defendant contends that Plaintiff's motion should be denied because no amount of discovery would provide evidence for Plaintiff to defeat summary judgment.

The action proceeds on a single retaliation claim based on the allegation that Defendant wrote a false incident report against Plaintiff on May 1, 2013, resulting in an unwarranted use of restraints. (ECF Nos. 28, 31, 42.) Although unclear from the pleadings, it appears that the allegedly false report relayed that Plaintiff refused to accept a cell mate. (See ECF No. 52-8 (Declaration of Jason Ontiveroz); ECF No. 63 (Plaintiff's response to Defendant's objections).) As Defendant correctly points, this Court has determined with regard to Plaintiff's claims against other defendants that the writing of reports and use of restraints was a legitimate correctional response to Plaintiff's refusal to accept a cell mate. (ECF No. 42.) Plaintiff's retaliation claims against those defendants were therefore dismissed. (ECF Nos. 42, 45.)

The allegations against Defendant Ontiveroz differ from the dismissed claims in one significant respect – Plaintiff contends that the incident report written by Defendant Ontiveroz is entirely false, and that Plaintiff did not refuse a request by Ontiveroz to accept a cell mate. (ECF No. 28, 54, 63.) Of course, there can be no legitimate penological interest in writing a false report, and false reports do not entitle officers to qualified immunity because such conduct is not reasonable. Plaintiff is entitled to pursue discovery to attempt to defeat Defendant's claims on summary judgment. Furthermore, as noted by the Magistrate Judge, it is likely that this matter will not be resolved on summary judgment due to disputes of fact regarding what, if anything, occurred between Plaintiff and Defendant. At the very least, summary judgment cannot be granted on the record presently before the Court.

Based on the foregoing, it is HEREBY ORDERED that:

1. The findings and recommendations issued September 11, 2017 (ECF No. 60) are adopted in full;
2. Plaintiff's motion to postpone summary judgment (ECF No. 54) is granted;
3. Defendant's motion for summary judgment (ECF No. 52) is denied without prejudice to renewal following the conclusion of discovery; and
4. Defendant shall respond to the first amended complaint within twenty-one (21) days of the date of service of this order.

IT IS SO ORDERED.

Dated: **December 12, 2017**       **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE