UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GORDON C. REID, | CASE NO. 1: 14-cv-01163-LJO-MJS (PC) |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO GRANT DEFANDANT'S MOTION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM** |
| v. | |
| UNITED STATES OF AMERICA, et al., | (ECF No. 71) |
| Defendants. | **FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). The action proceeds solely on Plaintiff's First Amendment retaliation claim against Defendant Ontiveroz.

On July 28, 2015, this Court screened Plaintiff's first amended complaint and found it states a claim of First Amendment retaliation against Defendant Ontiveroz. (ECF No. 31.) Before the Court is Defendant's motion to dismiss the action for failure to state a

claim; Defendant argues that First Amendment retaliation claims under <u>Bivens</u> are disfavored. (ECF No. 71.) Plaintiff did not respond to the motion and the time for doing so has passed. Local Rule 230(*l*). The matter is submitted.

**I.     Legal Standards**

   **A.     Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

Defendant has not yet answered the complaint, and thus his motion to dismiss is brought under Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. See <u>Parks Sch. of Bus. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failing to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." <u>Shroyer v. New Cingular Wireless Servs., Inc.</u>, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation & quotation marks omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949 (citation omitted).

Here, Plaintiff's complaint, as noted in this Court's screening order, contains sufficient factual allegations to allege a cognizable claim under a theory of First Amendment retaliation. However, Defendant Ontiveroz argues that the recent case <u>Ziglar v. Abbasi</u>, 137 S.Ct. 1843 (2017), provides guidance that First Amendment retaliation is no longer a cognizable legal theory under <u>Bivens</u>.

## B. First Amendment Retaliation under Bivens

Plaintiff is a federal prisoner proceeding under Bivens, the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250 (2006). To date, the Supreme Court has only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments. See Bivens, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause). The Supreme Court has recently made clear that "expanding the Bivens remedy is now a disfavored judicial activity," and it has therefore "consistently refused to extend Bivens to any new context or new category of defendants." Ziglar v. Abbasi, 137 S.Ct. 1843, 1857 (2017) (citations omitted).

The first step in determining whether to extend a Bivens remedy is to determine "whether the claim arises in a new Bivens context, i.e., whether the case is different in a meaningful way from previous Bivens cases decided by [the Supreme Court]." Id. at 1864. "[A] case can present a new context for Bivens purposes if it implicates a different constitutional right; if judicial precedents provide a less meaningful guide for official conduct; or if there are potential special factors that were not considered in previous Bivens cases." Id.

Here, the constitutional right at issue differs from that recognized in prior Supreme Court cases. As stated, the Supreme Court has only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments, never in a First Amendment claim. See Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims."). But see Iqbal, 556 U.S. at 675 ("[W]e assume, without deciding, that respondent's First Amendment claim is actionable under Bivens."). While the Ninth Circuit has previously held that Bivens may be extended to First Amendment claims, Gibson v. United States, 781 F.2d 1334, 1342 (9th Cir. 1986) (permitting First Amendment retaliation claim under Bivens); Moss v. U.S. Secret Serv.,

572 F.3d 962, 967 n.4 (9th Cir. 2009) (noting Bivens extends to First Amendment damages claims), it has recently revisited this question in light of Abbasi, see Vega v. United States, No. 13-35311, 2018 WL 740184, at *5 (9th Cir. Feb. 7, 2018) (declining to extend Bivens remedy to First Amendment access to courts and Fifth Amendment procedural due process claims against private employees of residential reentry center). These earlier Ninth Circuit cases are therefore not controlling. Under Abbasi, the relevant question is whether the Bivens context differs meaningfully from cases decided by the Supreme Court. See Abbasi, 137 S. Ct. at 1859, 1864.

Where a claim presents a new Bivens context, the Court must consider whether special factors counsel against extension of Bivens into this area. This inquiry recognizes that the decision to authorize damages suits is most often left to Congress. Id. at 1848. "[T]he inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Id. at 1857–58. This requires the court to assess the impact on governmental operations system-wide, including the burdens on government employees who are sued personally, as well as the projected costs and consequences to the government itself. Id. at 1858.

"The existence of alternative remedies usually precludes a court from authorizing a Bivens action." Id. at 1865. Here, Plaintiff has or had alternative remedies available to him through the Bureau of Prisons administrative grievance process, federal tort claims under the FTCA, habeas corpus claims under § 2241 (if the claim would spell speedier release), and Bivens claims to the extent that any alleged retaliation took the form of conduct that has already been determined by the Supreme Court to be actionable under Bivens. See Vega, 2018 WL 740184, at *6 (availability of administrative remedies and tort claims counseled against extending Bivens remedy); Buenrostro v. Fajardo, No. 1-14-CV-00075-DAD-BAM-PC, 2017 WL 6033469, at *2-*4 (E.D. Cal. Dec. 5, 2017) (declining to infer Bivens remedy for First Amendment retaliation claim). Additionally, where a prisoner faces ongoing retaliation, he may seek injunctive relief. See 18 U.S.C.

§ 3626(a)(2); Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 74 (2001) (observing that injunctive relief has long been recognized as proper means for altering unconstitutional policy); Solida v. McKelvey, 820 F.3d 1090, 1096 (9th Cir. 2016) (noting a waiver of sovereign immunity under the Administrative Procedure Act for injunctive relief).

Additionally, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." Abassi, 137 S. Ct. at 1865. As noted by the Supreme Court:

> Some 15 years after Carlson was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion provisions would apply to Bivens suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the Carlson damages remedy to cases involving other types of prisoner mistreatment.

Id. (internal citations omitted).

In passing the Prison Litigation Reform Act of 1995 (the "PLRA"), Congress "placed a series of controls on prisoner suits … designed to prevent sportive filings in federal court." Skinner v. Switzer, 562 U.S. 521, 535-36 (2011). Congress did so with the intent to "reduce the quantity of inmate suits." Jones v. Bock, 549 U.S. 199, 223 (2007). Congress has been active in the area of prisoners' rights, and its actions do not support the creation of a new Bivens claim.

For the foregoing reasons, the Court should find that the special factors analysis dictates hesitation in applying Bivens in this context, and it should decline to find an implied Bivens damages cause of action for First Amendment retaliation. Accordingly, Defendant's motion to dismiss should be granted.

## V.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to dismiss Plaintiff's complaint for a failure to state a claim (ECF No. 71) be GRANTED.

| | |
|---|---|
| 1 | These Findings and Recommendations are submitted to the United States District |
| 2 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within |
| 3 | fourteen (14) days after being served with these Findings and Recommendations, any |
| 4 | party may file written objections with the Court and serve a copy on all parties. Such a |
| 5 | document should be captioned "Objections to Magistrate Judge's Findings and |
| 6 | Recommendations." Any reply to the objections shall be served and filed within fourteen |
| 7 | (14) days after service of the objections. The parties are advised that failure to file |
| 8 | objections within the specified time may result in the waiver of rights on appeal. |
| 9 | <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 |
| 10 | F.2d 1391, 1394 (9th Cir. 1991)). |

IT IS SO ORDERED.

Dated: March 30, 2018          /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE