UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON C. REID,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | Case No. 1:14-cv-01163-NONE-JLT (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF**<br><br>(Doc. 88)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT *OR* A NOTICE OF HIS DESIRE TO PROCEED ONLY ON EIGHTH AMENDMENT CLAIMS**<br><br>30-DAY DEADLINE |

Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act. On July 28, 2015, the Court screened Plaintiff's first amended complaint (Doc. 28) and found that it stated a cognizable First Amendment retaliation claim under *Bivens*, but that its FTCA claims and Eighth Amendment excessive force and conditions of confinement claims were not cognizable. (Doc. 31.) On October 28, 2016, the Court dismissed the FTCA and Eighth Amendment claims. (Doc. 45.)

On February 2, 2018, Defendants filed a motion to dismiss the remaining, First Amendment retaliation claim. (Doc. 71.) The Court granted the motion and dismissed the claim and this action on April 25, 2018. (Doc. 76.) Plaintiff appealed the order of dismissal. (Doc. 78.)

On September 2, 2020, the Ninth Circuit Court of Appeals affirmed the dismissal of the First Amendment retaliation claims, but it reversed the dismissals of the excessive force, conditions of confinement, and FTCA claims. (Doc. 84.) The judgment took effect on October 26, 2020. (Doc. 87.) The Ninth Circuit noted that this Court had dismissed the FTCA claims for Plaintiff's failure to plead exhaustion, but that, on appeal, Plaintiff asserted that he can show that he exhausted the FTCA claims. (Doc. 84 at 7.) The Ninth Circuit, therefore, remanded the FTCA claims to this Court to determine if amendment would be futile. (*Id.*) Plaintiff now requests a "post-appeal procedural order" regarding this action. (Doc. 88.)

The Court does not find that amendment would be futile. Therefore, the Court will grant Plaintiff leave to file an amended complaint to properly plead exhaustion of his FTCA claims. The Court reminds Plaintiff that an amended complaint supersedes the original complaint and prior amendments. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, a second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified herein. However, he may not change the nature of this suit by adding unrelated claims in an amended complaint. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion for a "post-appeal procedural order" (Doc. 88) is GRANTED;
2. Plaintiff is GRANTED leave to file a second amended complaint;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
4. **Within 30 days** of the date of service of this order, Plaintiff shall file one of the following items:
    a. a second amended complaint curing the deficiencies in his pleading, or

///
///
///
///
///
///

    b. a notice that he wishes to (1) proceed only on his Eighth Amendment excessive force and conditions of confinement claims under *Bivens* and (2) dismiss his FTCA claims.

IT IS SO ORDERED.

 Dated: **January 5, 2021**      /s/ Jennifer L. Thurston
                 UNITED STATES MAGISTRATE JUDGE