STEPHEN A. CAZARES (SBN 201864)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759
scazares@orrick.com

Attorneys for Plaintiff
GORDON C. REID

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON C. REID,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA; FIRST NAME UNKNOWN ("FNU") GARCIA, CAPTAIN OF THE GUARDS; R. FENTON, LIEUTENANT OF THE GUARDS; JOHN DOE #1, LIEUTENANT OF THE GUARDS; JOHN DOE #2, LIEUTENANT OF THE GUARDS; JOHN DOE #3, LIEUTENANT OF THE GUARDS; J. ONTIVEROZ, PRISON GUARD.<br><br>  Defendants. | Case No. 1:14-cv-1163<br><br>**SECOND AMENDED COMPLAINT (WITH JURY TRIAL DEMAND)** |

**I.     Introduction**

1.     The foregoing is a combination Civil Rights (*Bivens*) and Federal Tort action seeking, relative to the former, compensatory and exemplary damages for violation of Plaintiff's Constitutional rights; and in regard to the latter, compensatory damages for pain, suffering, and injury to his person.

- 1 -

SECOND AMENDED COMPLAINT
1:14-cv-1163

## II. Jurisdiction

2. Plaintiff hereby invokes this Court's jurisdiction pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), and 2671-2680 (the "FTCA").

## III. Exhaustion of Administrative Remedies

3. Plaintiff has complied with and exhausted all requirements under the FTCA. In 2013, Plaintiff sent an administrative claim to the Western Regional Office of the Federal Bureau of Prisons ("BOP"), which, upon information and belief, contained a general description of the time, place, cause and general nature of his injury and the compensation he demanded. Upon information and belief, Plaintiff received a notice that the BOP had denied his claims in 2014, and he initiated this action within six months thereafter.

## IV. Parties

4. Plaintiff, Gordon C. Reid, at all times relevant to the foregoing action was a prisoner of the United States in custody of its component part the BOP immured at United States Penitentiary Atwater; he is currently a prisoner of the United States immured at United States Penitentiary ("USP") Big Sandy, 1197 Airport Road, Inez, KY 41224.

5. Defendant United States of America requires no further explication.

6. Defendant (FNU) Garcia, at all times relevant to the foregoing action, was an employee of the BOP acting under color of the flag of the United States in the role of Captain of the guards; he has a primary place of employment at USP Atwater, P.O. Box 019001, Atwater, California.

7. Defendant R. Fenton, at all times relevant to the foregoing action, was an employee of the BOP acting under color of the flag of the United States in the role of Lieutenant of the prison guards; he has a primary place of employment at USP Atwater, P.O. Box 019001, Atwater, California.

8. Defendants John Doe's Nos. 1 – 3 all, at all times relevant to the foregoing action, were employees of the BOP acting under color of the flag of the United States in the role of

Lieutenant of the prison guards; they have a primary place of employment at USP Atwater, P.O. Box 019001, Atwater, California.

9. Defendant J. Ontiveroz, at all times relevant to the foregoing action, was an employee of the BOP acting under color of the flag of the United States in the role of prison guard; he has a principal place of employment at USP Atwater, P.O. Box 019001, Atwater, California.

10. Plaintiff sues each individually named defendant in his personal, individual, and official capacities.

### V. Causes of Action

**Claim One**: That Defendant United States is liable for the tort of assault and/or battery.

**Supporting Facts**:

11. That on or about April 14, 2013, while lying face down on the floor handcuffed behind the back, Defendant J. Ontiveroz did, without legal cause or justification, grabbed Plaintiff's head and repeatedly slammed it into the iron railing running along the floor.

12. As a result of Ontiveroz's conduct as above alleged, Plaintiff suffered, among other things, a concussion and for several months, severe headaches.

**Additional Facts**:

13. That several days after the above-referenced assault and battery Plaintiff filed an Administrative Remedy (BP-9) complaint with the Warden of UPS Atwater, grievancing Ontiveroz's assault and battery on his person.

14. A few days later Defendant J. Ontiveroz told Plaintiff, "So, you wanna file paperwork; watch ya back."

15. On May 1, 2013, Ontiveroz proceeded write a false Incident Report against Plaintiff in an effort to (and/or as justification) to instigate a "calculated use of force" against Plaintiff, and his placement in full hard restraints (i.e., leg irons, handcuffs, and restraining chain) with a black box placed over the handcuffs to further immobilize the handcuffs, for extended period of time, which action did not serve any penological interest.

16. As a consequence of Defendant's false Incident Report a "calculated use of force"

1  was used against Plaintiff, and he was placed in full hard restraints with a black box for forty-
2  eight hours, which action did not serve a penological interest.

3      17.    As a direct and proximate result of the above actions, Plaintiff's wrists became
4  swollen, the handcuff cut into his wrists and chafed the skin off him.  And, because of the
5  excessive tightness of the restraints, he was unable to eat, urinate, defecate or attend any hygiene
6  task for forty-eight hours, and, indeed, was unable to sleep for the same period.

7      18.    On May 1, 2013, Defendant Garcia, who was aware of Plaintiff having filed
8  Administrative Remedies against several guards including J. Ontiveroz, appeared at Plaintiff's
9  assigned cell, banged on the door and stated:  "Wake up, today you find out what happens to
10 inmates who snitch on my officers."

11     19.    After Garcia left, he proceeded to Lieutenant Fenton's office, and not long after
12 Lieutenant Fenton exited the office, mustered the "use of force" team and came to Plaintiff's
13 assigned cell.

14     20.    Defendant thereupon ordered Plaintiff to move in a cell with an individual whom
15 he and Garcia knew, or reasonably should have known, was an enemy of Plaintiff who would
16 have very likely attempted to assault and batter Plaintiff if he attempted to move in a cell with
17 him, if not kill him.

18     21.    When Plaintiff objected to being placed in peril, Defendant Fenton ordered him to
19 submit to restraints, which Plaintiff complied with.

20     22.    After being taken to a shower cell and released from restraints (handcuffs), Fenton
21 returned with a calculated use of force team several hours later, and again ordered Plaintiff to
22 submit to handcuffs, which again Plaintiff complied with.

23     23.    Defendant Fenton then took Plaintiff to another room visible to a large number of
24 prisoners, Plaintiff (though he offered no resistance and remained fully cooperative), placed him
25 in a transparent paper jumper, full hard restraints with a black box, and left him in that state for
26 forty-eight hours.

27     24.    Defendant's actions served no legitimate penological interest.

28     25.    As a direct and proximate result of Defendant Fenton and Garcia's action, Plaintiff

was unable to attend his bodily functions, sleep, eat, or attend any hygiene task.  Plaintiff's wrists swelled, and the handcuffs both cut into his wrists and chafed the skin off him leaving permanent scars.

**Claim Two**:  That Defendants Garcia, Fenton, and J. Ontiveroz, acting singularly and individually, or in combination, consort, and agreement did use excessive force against Plaintiff and deliberately subjected Plaintiff to unconstitutional conditions of confinement in contravention to the Eighth Amendment, U.S. Constitution.

**Supporting Facts**:

26.   Plaintiff hereby incorporates by reference all factual assertions set forth in Claim One, at paragraphs 11 and 12, and paragraphs 13– 25 as if fully set forth herein.

27.   Defendant Garcia was Fenton's supervisor and was aware of the fact that Plaintiff had not conducted himself in any manner that would have justified the use of force or application of restraints under Program Statement 5566.06 ("P5566.06") which, aside from the precautionary use of restraints, limits use of force and restraints to only when necessary to gain control of a prisoner who appears to be dangerous because the prisoner: (a) assaults another individual, (b) destroys government property, (c) attempts suicide, (d) inflicts injury upon self upon, or (e) becomes violet or displays signs of imminent violence:  Therefore, also thereby violating 28 C.F.R. § 552.20.

28.   Defendants Fenton and Ontiveroz were also present and aware of the fact that Plaintiff had not on the above referenced occasion behaved in any manner that would have justified the use of force and/or application of restraints under P5566.06 and 28 C.F.R. § 552.20.

**Claim Three**:  That John Doe #1 through #3, individually and singularly, or acting in combination, consort, and agreement with other named and unnamed, did subject Plaintiff to excessive force and deliberately subjected Plaintiff to unconstitutional conditions of confinement in contravention to the Eighth Amendment of the U.S. Constitution.

**Supporting Facts**:

29.   Defendants John Does (Nos. 1 – 3) knew, or reasonably should have known, that BOP policy and regulation required a Lieutenant conduct a check on a prisoner placed in

restraints every two hours, and that unless the prisoner exhibited the type of behavior enumerated in P5566.06, he was to be released from restraints, or alternatively, recommended for release there from.

30. On diverse occasions and/or checks throughout the forty-eight hour period Plaintiff suffered in full restraints with a black box, John Does 1 through 3, each individually conducted a number of checks on Plaintiff, and, although Plaintiff exhibited none of the behavioral characteristics enumerated in P5566.06, Defendant John Does #1 - #3, and each of them, refused to release Plaintiff from the restraints, or even to formally recommend his release.

31. As a direct and proximate result of Defendant John Does #1 through #3, and each of them, actions or inaction Plaintiff was made to suffer injury to, among other things, his wrists, to include swelling, blistering, and chafing so severe his skin rubbed off leaving permanent scars, as well as up to 46 hours of full, hard restraints with a black box.

**Claim Four**: That the United States is liable for the Negligent Use of Force and/or Civil Battery.

**Supporting Facts**:

32. Plaintiff hereby incorporates by reference all factual assertions set forth in paragraphs 13 – 25, Claim Two, at paragraphs 27 and 28, and Claim Three, at paragraphs 29 – 31, as if fully set forth herein.

## VI. Prayer for Relief

A. Compensatory and punitive damages, in an amount to be proven at trial.

B. Interest, costs, and fees, to include attorney's fees.

C. Any and all other such relief as the Court deems just and equitable.

Dated: February 24, 2021                    ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Stephen A. Cazares*
Stephen A. Cazares