UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON C. REID,<br><br>   Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>   Defendants. | 1:14-cv-01163-BAK (GSA)-PC<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT FENTON AND DOE DEFENDANTS #1-3 SHOULD NOT BE DISMISSED FROM THIS CASE FOR FAILURE TO EFFECT SERVICE**<br><br>**THIRTY-DAY DEADLINE** |

**I. BACKGROUND**

  Gordon C. Reid ("Plaintiff") is proceeding with counsel in this civil rights action brought pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C §§ 1346(b), 2671-2680.  Plaintiff filed the Complaint commencing this action on July 25, 2014.  (ECF No. 1.)

**II. SERVICE OF PROCESS**

  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "if a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice

1

to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

## III. DISCUSSION

On March 19, 2021, the court directed the Clerk of Court to issue summonses for service of the third amended complaint upon each defendant named in the third amended complaint. (ECF No. 97.) On March 22, 2021, the Clerk issued summonses as to defendants Fenton, Garcia, J. Ontiveroz, and United States of America. (ECF No. 98.) On May 13, 2021, executed summonses were returned to the court for defendants Garcia, J. Ontiveroz, and United States of America. (ECF No. 99.) On June 15, 2021, defendants Garcia, J. Ontiveroz, and United States of America filed an answer to the complaint. (ECF No. 101.)

On May 13, 2022, Plaintiff filed a Fourth Amended Complaing naming defendants United States of America, Captain Ray Garcia, Lieutenant Robert Fenton, Jason Ontiveroz (Prison Guard), and John Does Nos. 1-3 (Lieutenants). (ECF No. 132.)

Here, Plaintiff is proceeding against Doe Defendants Nos. 1-3 (Lieutenants of the Guard) for subjecting Plaintiff to excessive force and unconstitutional conditions of confinement in violation of the Eighth Amendment. However, these defendants have not been served with process because Plaintiff has not sufficiently identified them to enable service of process. Service cannot be initiated on unknown defendants. Plaintiff will need to seek leave to amend to substitute the true names of the Doe defendants once he learns who they are. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).

Moreover, the court finds no evidence on the court's record that defendant Fenton was served with process, or otherwise appeared in this case.

This case has been pending for nearly nine years and the discovery phase has been open since July 22, 2021. Therefore, Plaintiff shall be required to show cause why defendant Fenton and Doe Defendants Nos. 1-3 should not be dismissed from this action.

///

## IV. ORDER TO SHOW CAUSE

Accordingly, based on the foregoing, **IT IS HEREBY ORDERED** that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why defendant Fenton and Doe Defendants Nos. 1-3 should not be dismissed from this action pursuant to Rule 4(m).

IT IS SO ORDERED.

Dated:   **May 14, 2022**             **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE