UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON C. REID,<br><br>        Plaintiff,<br><br>   vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendant. | 1:14-cv-01163-BAK-(GSA)-PC<br><br>**ORDER FOR CLERK TO FILE DEFENDANT GARCIA'S CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT UNDER SEAL**<br>**(ECF No. 139.)** |

## I.    BACKGROUND

Plaintiff Gordon C. Reid is proceeding with counsel in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).

This case is scheduled for a settlement conference on June 16, 2022.  The parties were ordered to each submit a confidential settlement conference statement directly to chambers no later than seven days prior to the settlement conference, and not to file the statements.  (ECF No. 117.)  However, on June 10, 2022, defendant Garcia filed a confidential settlement conference statement.  (ECF No. 139.)

## II.    LEGAL STANDARD

There is a "general right to inspect and copy public records and documents, including judicial records and documents."  Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978). "This right is justified by the interest of citizens in 'keep[ing] a watchful eye on the

1

workings of public agencies.'" <u>Kamakana v. City & Cty. of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting <u>Nixon</u>, 435 U.S. at 598). "Nonetheless, access to judicial records is not absolute. A narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons.'" <u>Id.</u> (quoting <u>Times Mirror Co. v. United States</u>, 873 F.2d 1210, 1219 (9th Cir. 1989)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." <u>Id.</u>

Two standards generally govern the sealing of documents. <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 677 (9th Cir. 2010). "[J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." <u>Kamakana</u>, 447 F.3d at 1180 (citations omitted). In contrast, a "'good cause' showing under [Federal Rule of Civil Procedure] 26(c) will suffice to keep sealed records attached to non-dispositive motions." <u>Id.</u> The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." <u>Pintos</u>, 605 F.3d at 678 (quotations omitted).

## III.   ANALYSIS

Here, defense counsel did not file the settlement conference statement under seal, nor was it accompanied by a motion to seal as required by Local Rule 141. Because the statement was not filed in conjunction with a dispositive motion, only good cause is required to seal it. The Court finds that this standard is met and will accordingly order the statement to be filed under seal.

"Confidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties." <u>Kalinauskas v. Wong</u>, 151 F.R.D. 363, 365 (D. Nev. 1993). "Sound judicial policy fosters and protects this form of alternative dispute resolution." <u>Id.</u> (citing **Fed. R. Evid.**

408 for the proposition that it "protects compromises and offers to compromise by rendering them inadmissible to prove liability").

The need for confidentiality of settlement negotiations is without dispute.   [T]he presumption of public access to settlement conferences, settlement proposals, and settlement conference statements is very low or nonexistent under either constitutional or common law principles.  Weighed against this presumption is the strong public policy which encourages the settlement of cases through a negotiated compromise. . . .  In a perfect world, the public would be kept abreast of all developments in the settlement discussions of lawsuits of public interest. In our world, such disclosure would . . . result in no settlement discussions and no settlements. United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 855–56 (2nd Cir.1998). Confidentiality of the mediation process encourages settlement.  Id. at 858.

For these reasons, the Court shall order defendant Garcia's confidential settlement conference statement to be filed under seal.

## IV.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Clerk shall file under seal defendant Garcia's confidential settlement conference statement, filed on June 10, 2022.


IT IS SO ORDERED.

Dated:   __**June 10, 2022**__               _____**/s/ Gary S. Austin**_____
                                                        UNITED STATES MAGISTRATE JUDGE